# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **HAY CREEK ROYALTIES, LLC,** | ) | |
| **on behalf of itself and all others similarly** | ) | |
| **situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 19-CV-177-CVE-JFJ** |
| | ) | |
| **ROAN RESOURCES LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Before the Court is Plaintiff's First Motion to Compel (ECF No. 37), which is **GRANTED IN PART** and **DENIED IN PART** as set forth below.

## I.    Factual and Procedural Background[1]

This case involves the alleged underpayment, late payment, or non-payment of royalties and oil and gas production proceeds from gas-producing wells operated by Defendant Roan Resources LLC ("Roan"). Plaintiff Hay Creek Royalties, LLC owns royalty interests in at least one Roan-operated well and purports to bring this action on behalf of itself and others similarly situated. Plaintiff brings claims against Roan "concerning Roan's actual, knowing and willful underpayment, late payment or non-payment of royalties and oil-and-gas proceeds from wells through improper accounting methods (such as not paying on the starting price for gas products but instead taking improper deductions) and by failing to account for and pay royalties." ECF No. 31 (First Am. Compl.) ¶ 1.

Plaintiff proposes two separate classes. Proposed Class I consists of all last successors in interest to royalty owners in Oklahoma wells where Roan is or was the operator (or a working

---

[1] This Order assumes familiarity with Plaintiff's First Amended Complaint (ECF No. 31).

interest owner who marketed its share of gas and directly paid royalties to the royalty owners wherein Roan improperly underpaid royalties and took excessive deductions from the owners in breach of the royalty owners' oil-and-gas leases with Roan.  Proposed Class II consists of all non-excluded persons or entities who received untimely payments from Roan or its designee for oil and gas proceeds from Oklahoma wells, and whose payments did not include statutory interest.

On July 11, 2019, Plaintiff issued the discovery requests currently at issue.  ECF Nos. 37-1, 37-2.  On November 27, 2019, United States District Judge Claire Eagan issued a "Scheduling Order for Class Certification Issues," which set a Class Certification Motion deadline of August 19, 2020, and a Class Certification Discovery Cutoff of November 19, 2020.  ECF No. 36.  Judge Eagan's scheduling order further indicated that, in the event a class is certified, she would enter a separate scheduling order for a trial on the merits.  *Id.*  Accordingly, Judge Eagan elected to bifurcate discovery into separate class certification and merits phases.  No class has yet been certified.

## II.     Standard of Review

Under Rule 26 of the Federal Rules of Civil Procedure, parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  Discoverable information need not be admissible at trial.  *Id.*  Rule 26 provides six factors to consider regarding proportionality: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1).  This analysis often means "that the burden of responding to discovery lies heavier on the party who has more information, and properly so."  Fed. R. Civ. P. 26(b) advisory committee's note (2015 amendment).  Rule 26's proportionality requirement is not "intended to permit the opposing party to refuse discovery simply by making a

boilerplate objection that it is not proportional." Fed. R. Civ. P. 26(b) advisory committee's note (2015 amendment).

Document requests must describe what is being sought with "reasonable particularity." Fed. R. Civ. P. 34(b)(1)(A). Objections to discovery requests must be stated "with specificity." Fed. R. Civ. P. 34(b)(2)(B). Mere boilerplate objection language, such as "vague, over-broad, unduly burdensome, not reasonably calculated to lead to discovery of admissible evidence," without more, is not sufficient. *See Howard v. Segway, Inc.*, No. 11-CV-688-GKF-PJC, 2013 WL 869955, at \*1, \*3 (N.D. Okla. Mar. 7, 2013). "When the district court does intervene in discovery, it has discretion in determining what the scope of discovery should be." *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1189 (10th Cir. 2009). District courts managing discovery matters are subject to review only for abuse of discretion. *See Caves v. Beechcraft Corp.*, No. 15-CV-125-CVE-PJC, 2016 WL 355491, at \*1 (N.D. Okla. Jan. 29, 2016).

## III.    Parties' Arguments

In its brief, Roan raises two principal objections to Plaintiff's discovery requests: (1) the requests will require extensive searches of Roan's electronically stored information ("ESI") and emails, which is overly burdensome prior to class certification; and (2) all challenged individual requests are facially overbroad, unduly burdensome, disproportionate to the needs of the case, vague, or irrelevant to class-certification issues. Defendant states that, despite having to deal with a recent merger and change of management in 2019, it has produced 6.7 gigabytes of payment history documents and is in the process of producing many more responsive documents. Roan contends that, once this production is complete, "Plaintiff will have access to all the relevant information needed to analyze and argue class certification." ECF No. 43 at 3.

In its briefing, Plaintiff argues: (1) Roan's blanket objection to conducting an ESI or email search at the class-certification stage is without merit; (2) the challenged individual requests are

relevant to class certification and are not overbroad or vague; and (3) Roan should be compelled to produce the documents it already promised to produce. Plaintiff has offered to mitigate Roan's burden by establishing ESI protocols and relevant custodians, as this Court ordered on a motion to compel in another oil-and-gas royalty underpayment case, *Kunneman Properties, LLC v. Marathon Oil Company*, No. 17-CV-456-GKF-JFJ, 2019 WL 5188355 (N.D. Okla. Oct. 15, 2019).

IV.    **Analysis**

The Court holds: (1) Roan must search and produce ESI, subject to agreed ESI protocols; (2) certain requests are vague or overbroad and will be limited by the Court; and (3) the Court will not compel Roan to produce the documents it already agreed to produce.

A.    **ESI Must Be Searched With Established ESI Protocols**

Across multiple requests for production, Plaintiff is requesting that Roan search, review, and produce ESI. Specifically, Plaintiff is requesting searches of email accounts, databases, and other electronic sources. Plaintiff states its willingness to negotiate ESI protocols for these requests. Roan argues that ESI searches are overly burdensome and premature at the class-certification stage, because such searches are "unlikely to be probative of anything further that is relative to the class certification issues" yet will strain the resources of a company as small as Roan. ECF No. 43 at 7. Roan argues that the company was recently acquired, and Roan's management team has left the company. The current Roan/Citizen Energy III has fewer than fifty employees, and there is no available staff that can be assigned to conducting an ESI search.

The Court overrules Roan's blanket objection to search and production of ESI. Although Roan contends Plaintiff has all discovery it needs for purposes of class certification, Roan's internal documents and communications, and communications with royalty owners, midstream providers (Class I), and the State of Oklahoma (Class II), could tend to show commonality of claims and Roan's royalty payment practices on a class-wide basis. Further, search of electronic

databases for relevant internal communications or documents is not merely a fishing expedition. It is not overly speculative that Roan employees discussed the bases and reasoning behind the royalty calculation data already produced.  Communications and presentations may be important to establishing class-wide treatment of royalty calculations for Oklahoma wells.

Roan's burden argument is not particularly meaningful, because it is unsupported by affidavit or other evidence, and it provides no specific information regarding the alleged burden imposed on Roan from having to conduct ESI searches.  Roan's argument in its brief does not account for any specified search terms, specific number of custodians, or other ESI protocols. *See* Fed. R. Civ. P. 26(b)(2)(B) ("On motion to compel discovery . . . , the party from whom discovery is sought must show that the [ESI] is not reasonably accessible because of undue burden or cost."). *Cf. Panel Specialists Inc. v. Tenawa Haven Processing LLC*, No. 16-4140-SAC, 2017 WL 3503354, at *3 (D. Kan. 2017) (motion to compel denied where producing company submitted affidavit from company executive in support of its allegation that producing the requested material would be overly burdensome for such a small company, and court found the requested material was of "minimal probative value").

Further, Roan indicates that that it was formed in June 2017 and acquired by Citizen Energy III in December 2019.  ECF No. 43 at 2.  In its objections to the RFPs, Roan objects to production of documents pertaining to the time period prior to April 1, 2017, "the effective date on which Roan acquired its working interest in the putative class wells."  ECF No. 37-3 at 4; ECF No. 37-4 at 4.  Therefore, it appears that ESI searches will encompass a relatively limited duration of less than three years.  Roan's burden argument does not persuade the Court that production of ESI is globally overly burdensome or disproportionate to the needs of this case.  Considering all proportionality factors, the Court finds the requested ESI is important to the issues at stake; that there is a significant amount in controversy; that Roan has access and resources to search ESI; and

that the overall burden or expense of searching ESI does not outweigh its likely benefit.  Fed. R. Civ. P. 26(b)(1).  The Court therefore orders Roan to conduct searches of ESI and other documents for the period of April 1, 2017, to the present.

However, as discussed below, certain requests are overly burdensome without limitations in the form of ESI protocols, and Plaintiff agrees that protocols are appropriate.  The Court will not *sua sponte* establish ESI search protocols, and the Court orders the parties to meet and confer on the subject of establishing ESI protocols.  Subject to establishment of these protocols by agreement, and other limits established for specific requests below, the Court overrules Roan's global objection to search and review of ESI at this stage of the proceeding.

**B.  Specific Requests as to Plaintiff's First Set of Document Requests are Granted, Denied, or Narrowed as Follows[2]**

**1.  All Documents with Midstream Service providers regarding Marketable Condition or marketable products; title transfer; testifying in a royalty underpayment case; or off-lease fuel use (1st RFP Nos. 4(a)-(c), 5)[3]**

*Granted, subject to limitations and ESI protocols.*  RFPs 4 and 5 request documents, including communications, with providers of Midstream Services regarding four topics.  These requests are relevant to what fees and proceeds midstream service providers absorb or pass on to Roan, which then may be passed on to royalty owners.  The Court finds all four subparts relevant to class-certification issues presented but finds that the requests are facially overbroad and therefore imposes limits to ensure proportionality to the needs of the case.  On a global basis, the

---

[2] As Plaintiff points out in its opening brief, the challenged RFPs in the First Set of Document Requests are similar to certain challenged RFPs in *Kunneman*, which this Court addressed in a written Opinion and Order.  *See Kunneman*, 2019 WL 5188355.  The Court identifies no reason to depart from the principles articulated in *Kunneman*, and the Court's order in this case aligns with those principles.  While discovery in *Kunneman* was not bifurcated, as it is here, the Court clarified that the "vast majority" of the challenged RFPs in *Kunneman* were relevant to both class certification and merits.  *Id.* at *2.

[3] The Court's capitalized phrases refer to defined terms in Plaintiff's discovery requests.

Court limits RFPs 4 and 5 to Roan's communications with providers of Midstream Services, rather than all "Documents" as defined in the RFP.  The parties shall meet and confer to establish ESI protocols and to identify relevant search terms and relevant custodians.

> ### 2. Emails, meeting minutes, meeting agendas, or other Documents regarding "title transfer" clauses in gas contracts (1st RFP No. 7)

*Granted, subject to limitations and ESI protocols.*  The requests are relevant to class certification, because emails, meeting minutes, and meeting agendas may show what fees and proceeds are being passed on to royalty owners.  The request is limited to the specifically listed items, and the phrase "other documents" is stricken from the request.  To ensure proportionality, Plaintiff must limit this request to a proportional and reasonable number of search terms and custodians.  The parties shall meet and confer to establish ESI protocols and to identify relevant search terms and relevant custodians.

> ### 3. Analyses, presentations, and financial projections (including asset reviews, joint venture meetings, asset sales, and board minutes) regarding Roan's Wells and any oil and gas production assets and associated Midstream Costs and off-lease fuel use (1st RFP. No. 8)

*Granted, subject to limitations and ESI protocols.*  Plaintiff requests a variety of documents "regarding Defendant's Wells and any oil and gas production assets and the associated Midstream Costs and off lease fuel use."  ECF No. 37-1 at 8.  The requests are relevant to class certification, because such documents may show what fees and proceeds are being passed on to royalty owners at what stages of marketability.  However, the request is facially overbroad as written, and could conceivably encompass every analysis, presentation, or financial projection Roan generated.  Therefore, the phrase "Defendant's Wells" is stricken from the request.  To ensure proportionality, Plaintiff must limit this request to a proportional and reasonable number of search terms and custodians.  The parties shall meet and confer to establish ESI protocols and to identify relevant search terms and relevant custodians.

### 4.      Organizational charts and employee lists (1st RFP No. 9)

*Granted, subject to limitations.*  In its brief, Roan agreed to provide a list of employees with information about relevant Roan leases and wells.  Roan's proposal is a reasonable limitation, and Plaintiff appears to agree to the proposal.  *See* ECF No. 46 at 9.  The Court will not order Roan to create additional documents not already in existence or to alter existing documents.

### 5.      Documents concerning royalty payment practices, including fuel use and deduction of GCDTP for Class I (1st RFP No. 11)

*Granted, subject to ESI protocols.*  These requests are relevant to showing Roan's class-wide decisions regarding royalty calculations.  To ensure proportionality, Plaintiff must limit this request to a proportional and reasonable number of search terms and custodians.  The parties shall meet and confer to establish ESI protocols and to identify relevant search terms and relevant custodians.

### C.      Specific Requests as to Plaintiff's Second Set of Document Requests are Granted, Denied, or Narrowed as Follows

### 1.      Organizational charts and employee lists for employees responsible for determining whether and when to pay oil and gas proceeds and whether to pay statutory interest (2d RFP No. 1)

*Granted, subject to limitations.*  In its brief, Roan agreed to provide a list of employees responsible for determining when to pay oil and gas proceeds and whether to pay interest.  Roan's proposal is a reasonable limitation, and Plaintiff appears to agree to the proposal.  *See* ECF No. 46 at 10.  The Court will not order Roan to create additional documents not already in existence or to alter existing documents.

### 2.      All Documents referring to the PRSA, including all Documents relating to efforts to amend or modify the PRSA regardless of whether such efforts were undertaken by Roan or another person/entity (2d RFP No. 9)

*Denied, as facially overbroad.*  Plaintiff states that documents responsive to this RFP will prove relevant to company-wide decisions made concerning the PRSA, which is a focus of the

class certification determination.  Plaintiff proposes an ESI protocol requiring custodians and search terms to limit any potential overbreadth.  The Court finds it would be disproportionately burdensome for Roan to comply with this request as written, given that, according to Plaintiff, it seeks any document in which "Roan talked about the PRSA."  ECF No. 37 at 12.  To the extent this request seeks information regarding company-wide implementation of the PRSA, Plaintiff's other requests are more narrowly tailored to obtain such relevant information.  The Court finds that documents specifically discussing efforts to amend or modify the PRSA are not relevant to class certification, and Plaintiff fails to articulate any rationale for seeking these documents for purposes of class certification.

   **3.**  **All Documents evidencing, demonstrating, and/or reflecting the amount of O&G Proceeds and interest on O&G Proceeds Roan currently holds in suspense for Owners in the Wells (2d RFP. No. 15)**

   *Granted, subject to limitations and ESI protocols.*  Plaintiff states that documents responsive to this RFP will prove relevant to class certification, because they will demonstrate whether Roan holds interest, as well as principal, in suspense whenever a royalty owner is unknown.  The Court finds this request to be relevant to class certification.  However, the Court finds this request to be overbroad and limits the request to summary documents and communications demonstrating the amount of O&G Proceeds and interest on O&G Proceeds that Roan holds in suspense for Owners of the Wells.  The parties shall meet and confer to establish ESI protocols and to identify relevant search terms and relevant custodians.

   **4.**  **All Documents evidencing, demonstrating, or reflecting the amount of O&G Proceeds and interest on O&G Proceeds from Oklahoma Wells that have escheated or otherwise been paid by Roan to the State of Oklahoma (including documents identifying each person who is/was an Owner in the Oklahoma Well for which such O&G Proceeds were transferred to the State), and all Documents Roan provided to the State of Oklahoma regarding O&G Proceeds and interest on O&G Proceeds that have escheated or otherwise been paid to the State of Oklahoma (2d RFP. Nos. 17, 18)**

*Granted, subject to limitations and ESI protocols.*  Plaintiff states that documents responsive to RFP Nos. 17 and 18 will prove relevant to class certification, because an owner's right to unclaimed property funds exists, whether the owner takes possession of the funds or a state holds the money for the owner.  The Court finds this request to be relevant to class certification. *See Cline v. Sunoco, Inc.*, No. 6:17-cv-313-JAG, ECF No. 186, at 1 (E.D. Okla. Nov. 26, 2019) (finding that late-payment class may include recipients of payments made to state unclaimed property funds, because the owners' right to the funds in question "exists, whether the owners take possession of the funds themselves or a state holds the money for them").  However, the Court finds this request to be overbroad and limits the request to summary documents and communications, including such summary documents and communications with the State of Oklahoma, demonstrating the amount of O&G Proceeds and interest on O&G Proceeds that Roan paid to the State of Oklahoma in escheatment.  The parties shall meet and confer to establish ESI protocols and to identify relevant search terms and relevant custodians.

> **5.    Communications between Roan and any Owners concerning the payment of interest on any Untimely Payments in any Oklahoma Well (2d RFP No. 24)**

*Granted, subject to ESI protocols.*  Plaintiff states that documents responsive to this RFP will prove relevant to class certification, pointing out that Roan maintained an Interest Demand Tracking Spreadsheet to keep track of interest owed for late payments.  The Court finds this request to be relevant to class certification, because it may show whether Roan had a company-wide policy regarding payment of interest on late payments.  The parties shall meet and confer to establish ESI protocols and to identify relevant search terms and relevant custodians.

**6.      Documents concerning Any Communication between Roan and any Oklahoma state, county, or local agency regarding Roan's obligation to pay interest on Untimely Payments (RFP No. 26)**

*Granted, subject to ESI protocols.*  Plaintiff states that documents responsive to this RFP will prove relevant to class certification, because escheated funds and state unclaimed funds fall squarely within the issues of this case.  The Court finds this request to be relevant to class certification, because it may show whether Roan had a company-wide policy regarding payment of interest on late payments.  The parties shall meet and confer to establish ESI protocols and to identify relevant search terms and relevant custodians.

**D.      Request to Compel Production of Documents Roan Promised to Produce**

Plaintiff asks the Court to compel Roan to produce documents it agreed to produce in response to various RFPs in both the First and Second Sets of RFPs.  Plaintiff contends that, despite Roan's promise to produce documents, production has not been forthcoming.  Roan is still in the process of searching for and producing documents to Plaintiff.  Roan further represents that, despite some initial production delay, it has now produced significant volumes of documents.  ECF No. 43.  Accordingly, Plaintiff's request for an order compelling production of the agreed documents is denied at this time.

**V.      Conclusion**

Plaintiff's First Motion to Compel (ECF No. 37) is **GRANTED IN PART** and **DENIED IN PART** as set forth above.  Plaintiff shall propose ESI protocols for relevant requests no later than ten days from the date of this Order, and the parties shall meet and confer regarding disputes and make all efforts to reach agreement.

**SO ORDERED** this 2nd day of June, 2020.

JODI F. JAYNE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT